Argued and submitted June 26, 1992, reversed and remanded September 22, 1993

### Rebecca R. TAYLOR,
*Appellant,*

*v.*

### HAYDEN ISLAND
### MOBILE HOME PARK,
*Respondent.*

### (90C721313; CA A71388)

859 P2d 1173

John J. Cosgrave, Portland, argued the cause and filed the brief for appellant.

Raymond M. Veillet, Portland, argued the cause for respondent. With him on the brief was Powers, McCulloch & Bennett, Portland.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

DURHAM, J.

## DURHAM, J.

Plaintiff, a tenant, brought this action against defendant, her landlord, seeking remedies under the Residential Landlord and Tenant Act. ORS 90.100 to ORS 90.940 and ORS 105.165. Defendant filed counterclaims. The jury returned a verdict for each party. Plaintiff appeals from the resulting judgment.

Plaintiff challenges the court's denial of a motion for directed verdict on her claim that defendant failed to give a notice required by ORS 105.165(1)(b) and ORS 90.425(4) before disposing of her property. *D'Angelo v. Schultz*, 110 Or App 445, 451, 823 P2d 997, *rev den* 313 Or 209 (1992), states our standard of review:

> "When we review denial of a motion for directed verdict, we view the evidence in the light most favorable to the nonmoving party and can reverse only if the record contains no evidence from which a jury could have found the necessary facts in that party's favor. *Brown v. J. C. Penney Co.*, 297 Or 695, 705, 688 P2d 811 (1984)."

In an FED action, ORS 105.110, defendant evicted plaintiff, effective December 5, 1989, from its mobile home park. Plaintiff removed some of her possessions and told defendant's agent, Sellers, that she would return on December 20, 1989, to remove the rest. She failed to return. On December 21, 1989, Sellers mailed a notice to plaintiff that said, in material part:

> "We are electing to dispose of your personal property in accordance with ORS 105.165. We will store your property for a period of 15 days @ 17.50 per day. If your personal property is not removed and the storage charges paid by January 6, 1989 [*sic*], the property will be sold or otherwise disposed of in one of the following ways:
>
> "(a) The landlord may sell the property at a public or private sale * * *.
>
> "* * * * *
>
> "Even though the locks have been changed we will allow you access to remove your property. The storage charges commence from the date of restitution, which is December 5, 1989 according to the judges [*sic*] order on November 8, 1989."

Plaintiff did not respond. Sellers seized the property and, on January 26, 1990, sold it at auction.

Plaintiff filed this action in October, 1990, requesting double damages for loss of her personal property and other relief. Defendant counterclaimed for $1,464.98 in unpaid rent, storage charges and court costs. In her directed verdict motion, plaintiff argued that defendant's notice did not meet statutory requirements. The court disagreed and submitted that issue to the jury. The jury found for defendant.

■    ORS 90.425 provides, in part:

"(1)    *The landlord may dispose of any goods, chattels, motor vehicles or other personal property* left upon the premises by the tenant in the manner provided by subsections (4) and (5) of this section, after giving notice as required by subsection (2) of this section, *in the following circumstances only*:

"* * * * *

"(c)    The landlord elects to remove the property pursuant to ORS 105.165.

"(2)    To dispose of the tenant's property under this section, *the landlord must give a written notice to the tenant * * *.*

"* * * * *

"(4)    The notice required under subsection (2) of this section shall state that the property is considered abandoned and must be removed from the premises or from the place of safekeeping, if the landlord has stored the property as provided in subsection (5) of this section, by a specified day not less than 15 days after delivery of the notice or the property will be sold or otherwise disposed of, and if the property is not removed [the landlord may sell or dispose of it.]

"* * * * *

"(7)    The landlord shall not be responsible for any loss to the tenant resulting from storage of property in compliance with this section unless the loss was caused by the landlord's deliberate or negligent act. In the event of deliberate and malicious violation the landlord shall be liable for twice the actual damages sustained by the tenant.

"* * * * *

"(10) Complete compliance in good faith with this section shall constitute a complete defense in any action brought by a tenant against a landlord for loss or damage to such personal property disposed of pursuant to this section.

"(11) *If a landlord seizes and retains a tenant's personal property without complying with this section, the tenant* shall be relieved of any liability for damage to the premises caused by conduct which was not deliberate, intentional or grossly negligent and for unpaid rent and *may recover up to twice the actual damages sustained by the tenant.*" (Emphasis supplied.)

If defendant did not remove plaintiff's property "pursuant to ORS 105.165," then defendant did not comply with ORS 90.425. ORS 105.165 provides, in part:

"(1) In the case of a dwelling unit to which ORS 90.320 to 90.375, 90.385 to 90.900 and 90.920 to 90.940 applies, the landlord may elect to remove, store and dispose of the tenant's goods, chattels, motor vehicles and other personal property upon restitution of the premises pursuant to ORS 105.155, provided:

"\* \* \* \* \*

"(b) The landlord shall notify the tenant and shall store and dispose of the goods, chattels, motor vehicles and other personal property of the tenant pursuant to ORS 90.425, except that *if the tenant claims that property within the time provided in ORS 90.425, the landlord must make that property available for removal by the tenant without the payment of any costs, charges or other sums, and the notice to the tenant shall so state.*

"\* \* \* \* \*

"(3) If the landlord fails to permit the tenant to recover possession of the tenant's personal property under paragraph (b) of subsection (1) of this section, the tenant may recover, in addition to any other amount provided by law, twice the actual damages or twice the monthly rent, whichever is greater." (Emphasis supplied.)

ORS 105.165 authorizes a landlord to dispose of a tenant's personal property if the landlord gives the notice required by ORS 105.165(1)(b). Defendant's letter did not notify plaintiff that she could remove the property free of storage charges if she acted by the specified date. On the contrary, it said that defendant would store the property for "15 days @ 17.50 per day" and would sell it if it was

"not removed and the storage charges paid by January 6, 1989 * * *. The storage charges commence from the date of restitution, which is December 5, 1989 * * *."

Defendant argues that the adequacy of the notice is a moot question because the jury found for plaintiff on her claim of unreasonable storage charges. We reject that argument, because the jury might have returned a different verdict if the court had directed a verdict for plaintiff on the notice issue.

Defendant also argues that the notice met the requirements of the statute because it said: "Even though the locks have been changed we will allow you access to remove your property." It also argues that Sellers' conduct, before the notice was mailed, in permitting plaintiff to remove some of her property without a storage charge permits an inference that defendant informed plaintiff of her right to remove her property without the payment of costs. It also contends that it substantially complied with notice requirements and that plaintiff cannot rely on any technical deficiency in the notice because she stated that she did not receive it.

We reject those arguments. Notifying plaintiff that defendant would allow her "access to remove" property does not satisfy the requirement of notice that she may remove the property free of storage charges if she acts by a specific date. Sellers' conduct before mailing the notice does not meet the statute, because ORS 90.425(2) requires a "written notice," and ORS 105.165(1)(b) incorporates that requirement. Plaintiff's failure to receive the letter does not relieve defendant of the obligation to give a proper notice, because ORS 105.165(1) conditions defendant's right to dispose of plaintiff's property on compliance with notice requirements. The notice failed to substantially comply with ORS 105.165(1). The court erred in denying the directed verdict motion on the notice question.

We address one other assignment of error, because the issue will likely arise again on remand. Plaintiff assigns error to the court's rejection of jury instructions and a verdict form that would have required the jury to decide whether to award plaintiff up to twice her actual damages for defendant's noncompliance with ORS 90.425. Over plaintiff's objection, the court ruled that plaintiff's entitlement to that remedy

was for the court, not the jury. We address the correctness of that ruling, although we do not decide the correctness of the requested instructions because they may change on remand in light of our disposition of the first assignment.

Defendant argues that the court's ruling was correct because, according to it, the words in ORS 90.425(11) that the tenant *"may* recover up to twice the actual damages sustained by the tenant" (emphasis supplied) indicate that the legislature intended to incorporate into subsection (11) the "deliberate and malicious violation" standard that is the prerequisite for a double damages recovery under subsection (7). According to defendant, withdrawal of the double damages issue from the jury was correct because its conduct was not a "deliberate and malicious violation" under ORS 90.425(11).

■ Defendant's argument is not correct. Subsection (7) relieves a landlord of responsibility for a tenant's loss resulting from storage of property in compliance with the statute unless the loss results from the landlord's deliberate or negligent act. A "deliberate and malicious violation" *requires* an award of "twice the actual damages sustained by the tenant."

■ Subsection (11) addresses a different subject with a different remedy. That subsection permits recovery of "up to" twice actual damages if a landlord seizes and retains a tenant's property without complying with ORS 90.425. The factfinder exercises discretion in determining the amount of any award in excess of actual damages. Any noncompliance with ORS 90.425 in seizing and retaining a tenant's property triggers the discretionary double damages remedy regardless of any showing that noncompliance was deliberate, malicious or negligent.

Subsection (11) does not incorporate the "deliberate and malicious violation" standard in subsection (7). The text discloses no reason to remove from the jury the task of determining whether, and to what extent, plaintiff is entitled to an award of up to twice her actual damages. That is a factual question and, with proper instructions, should be left to the jury.

We do not address the remaining assignments because they raise issues that may not arise on remand or should be addressed in the first instance by the trial court.

Reversed and remanded.